**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-2139**

———————

RICHARD MARTIN,

               Plaintiff - Appellant,

      v.

THE STATE'S ATTORNEY'S OFFICE OF MONTGOMERY COUNTY; STATE'S
ATTORNEY JOHN MCCARTHY; ASSISTANT STATE'S ATTORNEY CHRISTINA
FAVRETTO; ASSISTANT STATE'S ATTORNEY KAREN MOONEY,

               Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Paul W. Grimm, District Judge.  (8:15-
cv-02429-PWG)

———————

Submitted:  December 15, 2015    Decided:  December 17, 2015

———————

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard Martin, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Martin appeals the district court's order dismissing his civil action pursuant to 28 U.S.C. § 1915(e)(2) (2012). For the reasons that follow, we affirm.

On appeal, Martin challenges the district court's conclusion that his claims were untimely and barred by quasi-judicial immunity. As the district court properly concluded, however, the named prosecuting attorneys were subject to quasi-judicial immunity "for conduct intimately associated with the judicial phase of the criminal process." See Lyles v. Sparks, 79 F.3d 372, 376 (4th Cir. 1996) (internal quotation marks omitted).

The district court also properly concluded that Martin's action was untimely. Martin's claims, whether brought under state law or 42 U.S.C. § 1983 (2012), were subject to, at longest, a three-year statute of limitations. See Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2013) (general civil statute of limitations); Md. Code Ann., Cts. & Jud. Proc. § 5-105 (2013) (actions for assault and defamation); Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 388 (4th Cir. 2014) (§ 1983 claims), cert. denied, 135 S. Ct. 1893 (2015). While Martin's malicious prosecution claim has not yet accrued, this claim is barred by his inability to meet the favorable termination requirement. See Heron v. Strader, 761 A.2d 56, 59

2

(Md. 2000). Contrary to Martin's assertions, the facts alleged in the complaint demonstrate that his remaining claims accrued, at the latest, by the time he was released from prison, and the limitations period was not subject to tolling. A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (accrual under § 1983); Shailendra Kumar, P.A. v. Dhanda, 43 A.3d 1029, 1034-34, 1039-41 (Md. 2012) (discussing accrual and tolling under state law); see also Nat'l Advert. Co. v. Raleigh, 947 F.2d 1158, 1166-67 (4th Cir. 1991) (describing continuing violations doctrine). Finally, because Martin's claims were properly dismissed, the district court committed no error in denying as moot Martin's request to file electronically.

Accordingly, we affirm the district court's judgment. We deny Martin's motions to seal and to compel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3